IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| RAMONA L. SMITH, Individually, and As The Temporary Administrator of the Estate of her deceased husband, Arthur Melton Smith, Tara Cheyenne Smith, Ramona Allen, and Glenda Zimmer<br><br>Plaintiffs,<br><br>v.<br><br>Chrysler Group, LLC, FCA US LLC, and GEICO CASUALTY COMPANY a/k/a GOVERNMENT EMPLOYEE INSURANCE COMPANY<br><br>Defendants | § § § § § § § § § § § § § § § § § §   **JURY DEMAND**<br><br>**CAUSE NO.**: |

## COMPLAINT

Plaintiffs file the following Original Complaint and would show the Court as follows:

## PARTIES

1. Plaintiff, Ramona L. Smith is a resident of Shelbyville, Shelby County, Texas within the Eastern District of Texas. Plaintiff, Ramona Allen is a resident of Nacogdoches, Nacogdoches County, Texas within the Eastern District of Texas. Plaintiffs, Glenda Zimmer and Tara Cheyenne Smith are residents of the State of Nevada.

2. Defendant, Chrysler Group, LLC a/k/a FCA US, LLC is a Delaware corporation doing business in the State of Texas with its principal place of business in Auburn Hills, Michigan, and can be served with process through its registered agent, CT Corporation Systems, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

23473634v3

3. Defendant, GEICO Casualty Company, a/k/a GEICO is a Maryland Corporation doing business in the State of Texas with its principal place of business in 5260 Western Avenue, Chevy Chase, MD 20815 and can be served with process through its registered agent, James G. Brown, 4201 Spring Valley Road, Dallas, Texas 75244.

## JURISDICTION AND VENUE

4. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the controversy is between citizens of different states and the amount in controversy is greater than the minimum jurisdictional limits of this Court.

5. Venue of this action is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTUAL BACKGROUND

6. Defendant, Chrysler designed and manufactured the Smith's 2013 Jeep Wrangler, VIN Number 1C4AJWAGXDL531811 (the "Subject Vehicle"), in which Mr. Smith was travelling on the occasion of his death.

7. Defendant, GEICO issued insurance policy number 4182-17-68-28 to Mr. & Mrs. Smith that provided insurance coverage for the Subject Vehicle (the "Policy").

8. On June 9, 2013, Mr. Smith was driving alone in the Subject Vehicle on Texas Highway 259 near the intersection of County Road 186 in Kilgore, Texas.

23473634v3

9. Without notice, a hidden defect beneath the chassis of the Vehicle caused a loss of transmission function and/or a fire that caused the Subject Vehicle to crash and strike a bridge column killing Mr. Smith (the "Crash").

10. After learning of her husband's death, Plaintiff Ramona L. Smith, advised Defendant GEICO of the Crash and GEICO took possession and ownership of the Subject Vehicle pursuant to the terms of the Policy.

11. While in possession of the Subject Vehicle, Defendant GEICO acknowledged in writing that it had been informed that the Subject Vehicle was the subject of impending litigation and Defendant GEICO affirmatively pledged in accordance with GEICO's obligation of good faith and fair dealing, that it would preserve and not allow the Subject Vehicle to be damaged or altered in any way. Plaintiffs reasonably relied upon Defendant GEICO's promise to preserve the Subject Vehicle.

12. On or about June 11, 2013, two days after Mr. Smith's death, Mrs. Smith received, for the first time, a Safety Recall Notice from Defendant Chrysler concerning the Vehicle.

13. The "interim notification letter" sent by Defendant Chrysler to the Smiths states that "Chrysler has decided that a defect, which relates to motor vehicle safety, exists in some 2012 and 2013 model year Jeep Wrangler vehicles equipped with an automatic transmission."

14. Defendant Chrysler admitted that "The problem [with the Subject vehicle] is…"[t]he power steering line may contact and wear a hole in the transmission oil cooler line resulting in a loss of transmission fluid.  As loss of transmission

fluid may result in a loss of transmission function which may increase the risk of a Crash."

15. Despite its affirmative assurances to Plaintiffs that it would preserve the remains of the Subject Vehicle and the Smith Family's reliance on those assurances, Defendant GEICO had the Subject Vehicle destroyed without any notice to the Plaintiffs.

16. As a result of GEICO's destruction of the Subject Vehicle, the Plaintiffs have suffered extreme and prolonged mental anguish.

## Count I

### (Defendant Chrysler's Strict Product Liability)

17. Plaintiffs adopt and reallege each preceding paragraph of this Complaint as if set forth herein.

18. At all times relevant to this action, Defendant Chrysler was in the business of designing, testing, manufacturing, inspecting, marketing, distributing and selling automobiles, including the Subject Vehicle.

19. Chrysler placed the Subject Vehicle on the market with knowledge that consumers like Mr. Smith would use the Subject Vehicle without inspection, knowledge, or the ability to detect defects or unknown dangers. Defendant Chrysler knew or should have known that ultimate users, operators, or consumers would not and could not properly inspect the Subject Vehicle for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such users, operators, or consumers.

23473634v3

20. The Subject Vehicle was defective and unreasonably dangerous to ultimate users, operators, and consumers when it was sold or distributed by Defendant Chrysler, as follows:

   a. The Subject Vehicle was defectively designed because, as Defendant Chrysler admits, "the transmission oil cooler tube…may inadvertently come in contact with the power steering fluid return tube.  This tube-to-tube contact could eventually cause the transmission oil cooler tube to develop a wear hole and leak.  A loss of transmission fluid could cause transmission damage and if the leaking transmission fluid comes in contact with an ignition source, cause an underbody fire."

   b. The Subject Vehicle was defectively designed because, as Chrysler admits, "[t]he power steering line may contact and wear a hole in the transmission oil cooler line resulting in a loss of transmission fluid.  As loss of transmission fluid may result in a loss of transmission function which may increase the risk of a Crash."

   c. The Subject Vehicle was defective because it lacked adequate warnings, instructions or notice to ultimate users, operators, and consumers about the defects and hazards described above.

21. For the reasons set forth above, the Subject Vehicle was defective and unreasonably dangerous to foreseeable users, including the deceased, who used the Subject Vehicle in an ordinary and foreseeable manner.

22. The defects described above directly and proximately caused the Crash and the Plaintiffs' injuries and damages.

23473634v3

## Count II

### (Defendant Chrysler's Negligence)

23. Plaintiffs adopt and reallege each preceding paragraph of this Complaint as if set forth herein.

24. Defendant Chrysler owed a duty to exercise ordinary care in the design, testing, manufacture, inspection, marketing, and sale of the Subject Vehicle to reasonably foreseeable purchasers, users, occupants and the public generally as well as to their immediate family members, including Arthur Melton Smith and his family.

25. Defendant Chrysler breached its duty to exercise ordinary care in the design, testing, manufacture, inspection, marketing and sale of the subject Vehicle as follows:

    a. The Subject Vehicle was defectively designed because as Chrysler admits, "the transmission oil cooler tube…may inadvertently come in contact with the power steering fluid return tube.  This tube-to-tube contact could eventually cause the transmission oil cooler tube to develop a wear hole and leak.  A loss of transmission fluid could cause transmission damage and if the leaking transmission fluid comes in contact with an ignition source, cause an underbody fire."

    b. The Subject Vehicle was defectively designed because as Chrysler admits, "[t]he power steering line may contact and wear a hole in the transmission oil cooler line resulting in a loss of transmission fluid.  As loss of

       transmission fluid may result in a loss of transmission function which may increase the risk of a Crash."

    c. The subject Vehicle was defective because it lacked adequate warnings, instructions or notice to ultimate users, operators, and consumers about the defects and hazards described above.

26. Defendant Chrysler's negligence as described above, directly and proximately caused the Crash and the Plaintiffs' injuries and damages.

## Count III

### (Chrysler's Breach of Warranty)

27. Plaintiffs adopt and reallege each preceding paragraph of this Complaint as set forth herein.

28. At all times relevant to this Complaint, Defendant Chrysler was a "merchant" in the business of supplying goods.

29. The Smiths were "consumers" who purchased a "good" or "merchandise" (the Subject Vehicle) from Defendant Chrysler.

30. Defendant Chrysler expressly and impliedly warranted to the Smits that the Subject Vehicle was merchantable, such that it was fit for the ordinary purpose for which such goods are used, and that it conformed to the promises or affirmations of fact concerning its safety made by Defendant Chrysler.

31. The Smiths relied upon Defendant Chrysler's express and implied warranties that the Subject Vehicle was merchantable and fit for the ordinary purpose for which such goods are used.

32. Defendant Chrysler breached its express and implied warranties of merchantability and fitness for the ordinary purpose for which such goods are used as described herein.

**33.** Defendant Chrysler's breach of its express and implied warranties directly and proximately caused the Crash and the Plaintiffs' injuries and damages.

## Count IV

(Chrysler's Violation of the Texas Deceptive Trade Practices Act)

34. Plaintiffs adopt and reallege each preceding paragraph of this Complaint as if set forth herein.

35. The Plaintiffs are "consumers" for purposes of the Texas Deceptive Trade Practices Act ("DTPA") Tex. Bus. & Com. Code §17.45(4).

36. Defendant Chrysler violated section 17.50(a)(2) of the DTPA by breaching its express and implied warranties concerning the Subject Vehicle as alleged herein.

37. Defendant Chrysler also violated Section 17.46(b)(7) of the DTPA by falsely representing that the Subject Vehicle was of a particular standard, quality, or grade, namely that it was a safe and reliable vehicle, when, in fact, the Subject Vehicle was defective and unreasonably dangerous as admitted by Defendant Chrysler to the Plaintiffs only after the Crash.

38. Defendant Chrysler's violations of the DTPA were the producing cause of the Crash and of the Plaintiffs' damages as alleged herein.

39. Defendant Chrysler knowingly violated the DTPA by choosing not to adequately design, test, or inspect the Subject Vehicle before offering it for sale to Texas consumers

and by failing to timely notify the Plaintiffs of the defect in the design of the Subject Vehicle that rendered it unreasonably dangerous.

40.     Pursuant to Section 17.505, Plaintiffs provided Defendant Chrysler with prior notice of their lawsuit in full satisfaction of the DTPA.

## Count V

(GEICO's Bad-faith Breach of the Covenant of Good Faith and Fair Dealing)

41.     Plaintiffs adopt and allege each preceding paragraph of this Complaint as set forth herein.

42.     On or about December 7, 2012, the Smiths purchased a policy of insurance from Defendant GEICO, identified as policy number 4182-17-68-28 covering damage to the Subject Vehicle among other things.

43.     At that time and thereafter, the Smiths paid to Defendant GEICO the agreed upon premiums on time and in full.

44.     Shortly after the Crash, the Plaintiff contacted Defendant GEICO pursuant to their obligations under the Policy and advised Defendant GEICO of Mr. Smith's death and the damage to the Subject Vehicle.

45.     Thereafter, Defendant GEICO responded to the Plaintiffs.

46.     As part of its investigation of the Plaintiffs' claim related to the Crash, and pursuant to the Policy, Defendant GEICO took possession and control of the Subject Vehicle and affirmatively assured the Plaintiffs that it would preserve the remains of the Subject Vehicle and ensure that the Subject Vehicle not be damaged or altered in any way.

47. Before having the Subject Vehicle destroyed, Defendant GEICO knew that it was critical evidence related to the Plaintiffs' impending lawsuit.

48. Defendant GEICO's nevertheless, without any notice to the Plaintiffs destroyed the remains of the Subject Vehicle in a vexatious, willful, and bad-faith breach of the Policy.

49. Upon its discovery of Defendant GEICO's breach, Plaintiffs demanded that Defendant GEICO recover the remains of the Subject Vehicle in whatever state it may have been following Defendant GEICO's breach.

50. In a further bad-faith breach of the Policy, Defendant GEICO vexatiously, willfully, and unnecessarily refused to take any steps to locate and preserve the remains of the Subject Vehicle.

51. Defendant GEICO's vexatious, willful, knowing, and unreasonable breach of the Policy has inflicted severe mental anguish upon the Plaintiffs.

## Count VI

(GEICO's Breach of Texas Insurance Code, Chapter 541)

52. Plaintiffs adopt and reallege each preceding paragraph of this Complaint as if set forth herein.

53. Chapter 541 of the Texas Ins. Code (the "Code") prohibits "unfair methods of competition and unfair or deceptive acts or practices" by insurers like Defendant GEICO.

54. Sections 541.061 of the Code states that it is an "unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessarily to make other statements made not misleading, considering the circumstances under which the statements were made; and

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact….;"

55. Defendant GEICO's statement to Plaintiffs that it would preserve the Subject Vehicle was an "untrue statement of material fact" in violation of Section 541.061(1) of the Code.

56. Defendant GEICO's failure to state that it would, was about to, or had destroyed the Subject Vehicle in lights of its prior assurance to Plaintiffs that it would preserve the Subject Vehicle violated Section 541.061(2) of the Code;

57. Defendant GEICO's false statements to the Plaintiffs that it would preserve the Subject Vehicle mislead and would mislead a reasonably prudent person, to the false conclusion that Defendant GEICO would preserve the Subject Vehicle;

58. Defendant GEICO knowingly assured, agreed, and promised Plaintiffs that it would preserve the Subject Vehicle;

59. Defendant GEICO knowingly destroyed the Subject Vehicle without any notice to the Plaintiffs;

60. Defendant GEICO's knowing violations of the Code directly and proximately inflicted sever mental anguish upon the Plaintiffs;

61. Pursuant to Section 541.154 of the Code, Plaintiffs provided Defendant GEICO with prior notice of their lawsuit in full satisfaction of the Code.

## **DAMAGES**

### DAMAGES OWED BY DEFENDANT CHRYSLER

### (WRONGFUL DEATH)

62.   Plaintiffs adopt and reallege each preceding paragraph of this Complaint as if set forth herein.

63.   Pursuant to Tex. Civ. Proc. & Rem. Code § 71(A), Defendant Chrysler is liable for Mr. Smith's wrongful death based on Defendant Chrysler's wrongful acts, neglect, carelessness, and the defective and unreasonably dangerous nature of the Subject Vehicle, as set forth herein, including for the following:

    a. the loss of Mr. Smith's earning capacity, the value of the care, maintenance, services, support, advice and counsel that he would have provided to his family;

    b. the Plaintiffs' mental anguish, including their emotional pain, torment, and suffering over the wrongful death of Mr. Smith;

    c. plaintiffs' loss of the positive benefits of Mr. Smith's love, comfort, companionship and society; and

    d. loss of inheritance from Mr. Smith.

### (SURVIVAL)

64.   Plaintiffs adopt and reallege each preceding paragraph of this Complaint as if set forth herein.

65.   Pursuant to Tex. Civ. Proc. & Rem. Code § 71(B), Defendant Chrysler is liable for the personal injuries to the health, reputation, and person of Mr. Smith, including for the following:

    a. Mr. Smith's mental anguish during the failure of the Subject Vehicle and continuing until his death;

    b. Mr. Smith's conscious pain and suffering during the failure of the Subject Vehicle and continuing until his death; and

    c. Funeral expenses

(BREACH OF WARRANTY)

66. Plaintiffs adopt and reallege each preceding paragraph of this Complaint as if set forth herein.

67. Defendant Chrysler is liable to the Plaintiffs for its breaches of warranty as follows:

    a. for any and all direct damages incurred by Plaintiffs as a result of Defendant Chrysler's breach of warranty; and

    b. for the incidental and consequential damages caused by Defendant Chrysler's breach of warranty.

(DTPA)

68. Plaintiffs adopt and reallege each preceding paragraph of this Complaint as if set forth herein.

69. Pursuant to the DTPA, Defendant Chrysler is liable for the following damages:

    a. Plaintiffs' economic damages;

    b. Plaintiffs' actual damages including for the mental anguish, and pain and suffering of Mr. Smith prior to his death, the past and future mental anguish, suffered by the Plaintiffs;

    c. Plaintiffs' loss of consortium;

    d. Three times Plaintiffs' economic and actual damages; and,

    e. For Plaintiffs' court costs and attorney fees.

<u>(PRE AND POST JUDGEMENT INTEREST)</u>

70. Plaintiffs adopt and reallege each preceding paragraph of this Complaint as if set forth herein.

71. Pursuant to the Texas Fin. Code § 304, Defendant Chrysler is liable to the Plaintiffs for pre and post judgment interest.

<u>DAMAGES OWED BY DEFENDANT GEICO</u>

72. Plaintiffs adopt and reallege each preceding paragraph of this Complaint as if set forth herein.

73. Pursuant to the Texas Ins. Code § 541, Defendant GEICO is liable to the Plaintiffs for:

    a. the amount of their actual damages, plus court costs and reasonable and necessary attorney's fees;

    b. up to three times Plaintiffs' actual damages.

74. Pursuant to the Texas Fin. Code § 304, Defendant GEICO is liable to the Plaintiffs for pre and post judgment interest.

<u>Prayer</u>

75. Plaintiffs pray that a jury be empaneled to decide the fact issues presented by their claims and that they receive a final judgment for all damages alleged herein.

Respectfully submitted,

_____
REBECCA C. BRIGHTWELL
SBN:   24035562
115 GASLIGHT BOULEVARD, SUITE B
LUFKIN, TEXAS 75904
TPN:   (936) 639-2550
FAX:   (936) 639-2554
E-mail:*rcb@brightwelllaw.com*

**ATTORNEY FOR PLAINTIFFS**

23473634v3