IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| RAMONA L. SMITH, Individually, and As The Temporary Administrator of the Estate of her deceased husband, Arthur Melton Smith, TARA CHEYENNE SMITH, RAMONA ALLEN, AND GLENDA ZIMMER, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 1:15-CV-0218-MAC-KFG |
| CHRYSLER GROUP, LLC, FCA US LLC, and GEICO CASUALTY COMPANY a/k/a GOVERNMENT EMPLOYEE INSURANCE COMPANY, | § § § § § § | |
| Defendants. | § § | |

**DEFENDANT FCA US LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE
EXPERT TESTIMONY OF GARY D. KRONRAD, PH.D. REGARDING
MENTAL ANGUISH DAMAGES, LOSS OF COMPANIONSHIP AND SOCIETY,
AND LOSS OF HOUSEHOLD SERVICES**

TO THE HONORABLE MARCIA A. CRONE:

FCA US LLC ("FCA US"), Defendant in the above-referenced cause, files this

Reply in Support of Motion to Strike Expert Testimony of Gary D. Kronrad, Ph.D.

regarding damages relating to mental anguish, loss of companionship and society, and

loss of household services.

## I. INTRODUCTION[1]

As noted in FCA US' motion, Plaintiffs retained Kronrad as an economist to support their alleged economic losses and damages.  Kronrad has offered opinions regarding the loss of Mr. Smith's earning capacity and household services, as well as the mental anguish and loss of companionship and society of Ramona Smith, Ramona Allen, Glenda Zimmer, and Cheyenne Smith.  At issue are Kronrad's opinions regarding mental anguish and loss of companionship and society damages (jointly, hereinafter, "nonpecuniary damages")[2].

As explained in detail below, Kronrad's testimony regarding Plaintiffs' nonpecuniary damages is unreliable, speculative, and impermissible, because his "calculations" are not a proper methodology and invade the province of the jury.  This Court accordingly should not permit Kronrad to testify regarding Plaintiffs' nonpecuniary damages.

## II. ANALYSIS

Plaintiffs correctly point out in their motion that an expert's testimony is only admissible if it is both "relevant" and "reliable."  Plaintiffs further proffer the following standard, which FCA US adopts herein: "A party seeking to introduce expert testimony must show '(1) the testimony is based upon sufficient facts or data, (2) the testimony is

---

[1] It should be noted that Plaintiffs make several statements in their Response to FCA US' Motion that are simply incorrect.  Plaintiffs state that it is "undisputed that carbon monoxide saturation levels of the magnitude found during Mr. Smith's autopsy can cause significant impairment and difficulties with complex tasks like driving an automobile."  (Pltfs. Resp. at 2).  This fact is disputed.  Plaintiffs also contend there is "irrefutable scientific evidence that Mr. Smith was subjected to carbon monoxide from an onboard fire in the Jeep before it ever struck the concrete pillar proving that the "Recall Failure Mode" caused his death."  (Pltfs. Resp. at 2–3).  This is in fact one of the major disputes in this lawsuit.  Because those statements do not bear on the present motion, those issues are noted, but not addressed, here.

[2] The issues related to household services have been fully briefed and need not be addressed in this reply.

the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016) (quoting *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) and FED. R. EVID. 702)).

Kronrad's opinions are not reliable because Plaintiffs have failed to show his testimony is based upon sufficient facts or data, is the product of reliable principles and methods, or that Kronrad applied the principles and methods reliably to the facts of this case. Specifically, the "time unit calculations" that Kronrad attempts to present as a "methodology" are inadmissible and do not require expert testimony, and the fact that he relies on allegedly reliable sources to calculate life expectancy does not remedy Kronrad's inadmissible "methodology."

A.     Kronrad's "methodology" does not require expert testimony

Plaintiffs defend the need for Kronrad's nonpecuniary-damages testimony on the basis that Kronrad will simply instruct the jury on the methodology of the per diem calculation, and will not offer testimony regarding the value of the noneconomic damages. However, Kronrad's testimony invades the province of the jury, as these damages do not require expert testimony. The assessment of mental anguish and other "soft" damages rests strictly within the province of the jury and does not necessitate the aid of expert testimony. *See Rogers v. Archer Daniels Midland Co.*, 68 F.3d 468 (5th Cir. 1995) (quoting *Pipgrass v. Hart*, 832 S.W.2d 360, 366 (Tex. App.—Fort Worth 1992, writ denied)) ("[F]uture mental anguish 'is necessarily speculative and particularly within the jury's province to resolve . . . .'"). A "district court should not admit

testimony that is directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help." *United States v. Mulder*, 273 F.3d 91, 101 (2d Cir. 2001).

The average juror is capable of looking at a calendar or clock to determine how many year, months, or days are between any two points of time, and then performing a simple math calculation.   The danger here, recognized by the Fifth Circuit, is that Kronrad's testimony and calculation would "create an illusion in the jury's mind that pain and suffering damages can and perhaps should properly be measured or calculated by simple multiplication rather than through the jury's sound discretion."  *Fontenot v. Dual Drilling Co.*, 179 F.3d 969, 979 (5th Cir. 1999) (quoting *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 377 (5th Cir. 1989)).

Kronrad's testimony and simple math calculation is not based on "scientific, technical, or other specialized knowledge" and thus not a proper subject of expert testimony. *See* FED. R. CIV. P. 702.  As neither the methodology nor the execution of Kronrad's nonpecuniary damages calculations requires knowledge beyond that of the average layman, he should not be permitted to testify as to these damages.  *See PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 2004 WL 5492841 at *1 (E.D. Tex. 2004) (excluding expert testimony where the jury was capable of drawing the same inferences as the expert from the evidence).

B.     Kronrad's use of allegedly reliable life expectancy resources does not render his time-unit calculation reliable

Kronrad has repeatedly admitted his calculations have no relation to the facts or evidence in this case (Kronrad Depo. 72:6–9; 75:20–76:1).  The fact that Kronrad uses Plaintiffs' life expectancies to make his time-unit calculations does not render his opinions any more reliable and unspeculative.  This underlying data, even if reliable standing alone,  does not validate Kronrad's asserted "methodology" as a reliable formula for calculating nonpecuniary damages.  Similar arguments by counsel in favor of "time unit calculation" to measure damages have been specifically declared by the Fifth Circuit to be "merely a method of presenting contentions, and [are] not to be considered as evidence." *See Colburn*, 883 F.2d at 377 (quoting *Baron Tube v. Transport Ins. Co.*, 365 F.2d 858, 865 (5th Cir. 1966)) (trial court erred by refusing to give specific instruction to jury that "unit of time" arguments were not to be considered as evidence); *see also Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1240 (5th Cir. 1985) (reaching the same conclusion in a products liability case).  Rather than instruct a jury to ignore Kronrad's testimony on non-pecuniary damages, this Court should not allow a jury to even hear or consider it.  Kronrad's opinions regarding the time unit calculation would necessarily be "evidence" if heard by the jury.

### III. CONCLUSION

Kronrad offers speculative, unsupported opinions regarding the mental anguish and loss of companionship and society damages alleged by Plaintiffs.  His testimony does not require any specialized or technical knowledge and consequently invades the

province of the jury.  For the foregoing reasons, FCA US requests that this Court grant

this Motion to Limit the Testimony of Gary Kronrad, and for such further relief to which

it may be entitled.

Respectfully submitted,


By:     /s/ Chris Pearson
        Chris Pearson
        State Bar No. 15690440
        Danielle Gilbert
        State Bar No. 24092421

GERMER BEAMAN & BROWN PLLC
301 Congress Avenue, Suite 1700
Austin, Texas  78701
(512) 472-0288
(512) 472-0721 - Fax
cpearson@germer-austin.com
dgilbert@germer-austin.com

**COUNSEL FOR DEFENDANT FCA US
LLC**

**CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that on November 1, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Rebecca C. Brightwell
Law Offices of Rebecca C. Brightwell, PLLC
115 Gaslight Boulevard, Suite B
Lufkin, Texas 75904
(936) 639-2550
(936) 639-2554 - Fax
rcb@brightwelllaw.com

Darren VanPuymbrouck
Freeborn & Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
(312) 360-6788
(312) 360-6520 - Fax
dvan@freeborn.com
**COUNSEL FOR PLAINTIFFS**

/s/ Chris Pearson