| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

RAMONA L. SMITH, Individually and as the §
Temporary Administrator of the Estate of her §
deceased husband, Arthur Melton Smith, §
TARA CHEYENNE SMITH, RAMONA §
ALLEN, and GLENDA ZIMMER, §
§
      Plaintiffs, §
§
*versus* §   CIVIL ACTION NO. 1:15-CV-218
§
CHRYSLER GROUP, LLC, FCA US LLC, §
§
      Defendant. §

**MEMORANDUM AND ORDER**

Pending before the court is Defendant FCA US LLC's ("Chrysler") Objections to Report and Recommendation of United States Magistrate Judge (#152). The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions (#90). On December 1, 2016, Judge Giblin issued a report and recommendation (#141) which recommended that the court grant in part and deny in part Chrysler's Motion for Summary Judgment Regarding Plaintiffs' DTPA Claim (#70). Pursuant to 28 U.S.C. § 636(b)(1), the court conducted a *de novo* review of the magistrate judge's findings, the record, the specific objections, and the applicable law in this proceeding. After review, the court finds that Judge Giblin's findings should be adopted.

I.    Background

The factual and procedural background of this case was laid out in detail in Judge Giblin's report and recommendation and need not be repeated here. On December 16, 2016, Chrysler filed the instant motion, objecting to Judge Giblin's findings on two grounds: (1) Chrysler asserts that

Judge Giblin erroneously relied on certain testimony in support of his finding that Plaintiffs had raised a genuine issue of material fact that Chrysler had knowingly violated the Texas Deceptive Trade Practices Act ("DTPA"); and (2) Judge Giblin incorrectly determined that Plaintiff Ramona L. Smith ("Ramona") was a consumer under the DTPA.

II.     Discussion

Chrysler argues that Judge Giblin erred in finding that a genuine issue of material fact exists as to the issue of whether Chrysler knowingly violated the DTPA because Judge Giblin cited the testimony of John Ovcjak ("Ovcjak"), who testified in deposition that Chrysler knew of a potential rubbing condition in the 2013 Jeep Wrangler (the "Jeep") as well as the potential for fire at the time of the "interim fix," *i.e.*, when Chrysler began installing a "rubber elbow" in the Jeep in order to remedy the rubbing condition. Chrysler asserts that Ovcjak's testimony refers solely to Jeeps that had not been fitted with a rubber elbow and, as such, cannot be used to create a fact issue that a dangerous rubbing condition existed in Jeeps with the rubber elbow, which Chrysler asserts includes the Smiths' Jeep.

Chrysler's argument is without merit. First, after reviewing Ovcjak's testimony, it does not appear that his testimony was limited to Jeeps not outfitted with a rubber elbow, as he testified that, at the time the Smiths purchased their Jeep, Chrysler was aware of the "potential of transmission oil cooler lines leaking as a result of a rubbing condition." Doc. No. 116-1. Second, Chrysler's argument assumes that the Smiths' Jeep had been outfitted with a rubber elbow, which Plaintiffs' dispute, noting that, despite Chrysler's evidence that all Jeeps manufactured after August 22, 2012, should have included a rubber elbow, no rubber elbow was discovered in the wreckage of the Smiths' Jeep. Third, Chrysler's argument presumes that the presence of the

rubber elbow completely eradicated any alleged defect in the Jeep, as well as Chrysler's obligation to inform Plaintiffs of the potential issues and dangers present in the Jeep, conclusions that Plaintiffs contest and that the court is unwilling to reach. In short, based on the testimony of Ovcjak, as well as the other evidence presented before this court and the magistrate judge, a genuine issue of material fact exists as to whether Chrysler knowingly violated the DTPA, rendering summary judgment inappropriate at this time. Therefore, Chrysler's objection is overruled.

Second, Chrysler maintains that Judge Giblin erred in relying on *Wellborn v. Sears Roebuck & Company* in determining that Ramona Smith, the decedent's wife, is a consumer under the DTPA. 970 F.2d 1420, 1426-27 (5th Cir. 1992). In *Wellborn*, the United States Court of Appeals for the Fifth Circuit held that a minor killed after he was crushed by a garage door opener had standing as a consumer under the DTPA because the door, while not purchased solely for the minor's benefit, was used by the minor and purchased, in part, to provide additional security for him. *Id.* Judge Giblin determined that *Wellborn* was analogous to the facts of this case because Ramona Smith, while not the primary driver of the Jeep, was involved in its purchase, drove it on several occasions, and it was purchased partially for her benefit. Chrysler reasserts its arguments made to Judge Giblin that Ramona Smith was only minimally involved in the Jeep's purchase and was only an incidental beneficiary to the Jeep's purchase, repeating its contention that *Chamrad v. Volvo Cars of North America*, in which the fiancé of the owner of a Volvo was found not to be a consumer under the DTPA because he was not involved in the vehicle's purchase in any manner and only drove the vehicle once prior to the automobile accident at issue in the case, was controlling precedent. 145 F.3d 671, 671 (5th Cir. 1998).

As an initial matter, the court notes that Judge Giblin also found that, as the decedent's wife, Ramona Smith could show consumer status if the proceeds used to purchase the Jeep were community funds. *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, pet. denied). Chrysler does not address this issue in its objection. Although evidence regarding the Jeep's purchase was not presented to the magistrate judge, Judge Giblin nonetheless found that this case was similar to *Wellborn*, and, thus, Ramona Smith was a consumer under the DTPA. The court agrees with Judge Giblin's analysis and conclusion. Even assuming that Arthur's separate property was used to purchase the Jeep, Ramona Smith was sufficiently involved in its purchase and use in order to qualify as more than an incidental beneficiary, particularly in light of her testimony that the Jeep was intended at least in part for her benefit. Accordingly, Chrysler's objection is overruled.

III. Conclusion and Order

Consistent with the foregoing analysis, the court ORDERS that Judge Giblin's Report and Recommendation on Chrysler's Motion for Summary Judgment Regarding Plaintiffs' DTPA Claim (#141) is ADOPTED. Chrysler's objections (#152) are OVERRULED. Based on these findings, the court further ORDERS that Chrysler's Motion for Summary Judgment Regarding Plaintiffs' DTPA Claim (#70) is GRANTED IN PART and DENIED IN PART, as laid out in Judge Giblin's report and recommendation. Specifically, Ramona Smith's DTPA claim brought on behalf of Arthur Smith's estate and her claim that Chrysler intentionally violated the DTPA are DISMISSED WITH PREJUDICE. All of Chrysler's other grounds for summary judgment asserted in this motion are DENIED.

**Signed this date**

**Feb 24, 2017**

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

4