| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

RAMONA L. SMITH, Individually and as the §
Temporary Administrator of the Estate of her §
deceased husband, Arthur Melton Smith, §
TARA CHEYENNE SMITH, RAMONA §
ALLEN, and GLENDA ZIMMER, §
§
      Plaintiffs, §
§
*versus*                                                  §     CIVIL ACTION NO. 1:15-CV-218
§
CHRYSLER GROUP, LLC, FCA US LLC, §
§
      Defendant. §

**MEMORANDUM AND ORDER**

        The court referred this matter to United States Magistrate Judge Keith F. Giblin to conduct all pretrial proceedings, enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters (#90). On June 26, 2017, Judge Giblin issued a Report and Recommendation (#211), to which the parties have filed objections. Pursuant to 28 U.S.C. § 636(b)(1), the court conducted a *de novo* review of the magistrate judge's findings, the record, the specific objections, and the applicable law in this proceeding. After review, the court finds that Judge Giblin's findings should be adopted in part and modified with respect to the implied warranty of merchantability claim.

I.    Background

        This lawsuit arises out of an automobile collision in which Plaintiff Ramona L. Smith's ("Ramona") husband, Arthur Melton Smith ("Arthur"), was killed while driving a 2013 Jeep Wrangler, designed and manufactured by Chrysler and insured by Government Employees Insurance Company ("GEICO"). The Plaintiffs in this case are Ramona, filing on behalf of

herself and Arthur's estate, as well as Ramona's and Arthur's (collectively, "the Smiths") three children: Tara Cheyenne Smith ("Tara"), Ramona Allen ("Allen"), and Glenda Zimmer ("Zimmer"). The factual and procedural history of this case has been laid out in the report and recommendation and will not be repeated here.

II. Discussion

    A. New Evidence

As a preliminary matter, the court must address the large quantity of new evidence produced by Plaintiffs in both their objections to the report and recommendation and in their response to Chrysler's objections. Simply put, the submission of such material is improper at this time and will not be considered because it should have been presented to Judge Giblin. *Imperium (IP) Holdings, Inc. v. Apple, Inc.*, 920 F. Supp. 2d 747, 752 (E.D. Tex. 2013); *see Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001).

    B. Plaintiffs' Objections

        1. Evidence of Defect

Plaintiffs object to Judge Giblin's determination that they have not produced sufficient evidence of a design defect to support their product liability claims. The issue of defect is common to Plaintiffs' design defect, marketing defect, and negligence claims. As laid out in the report and recommendation, a plaintiff seeking to establish a claim of design defect must show: (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was the producing cause of the injury for which the plaintiff seeks recovery. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009) (citing TEX. CIV. PRAC. & REM. CODE § 82.005). Furthermore, "these requirements necessitate

competent expert testimony and objective proof that a defect caused the injury." *DeGrate v. Exec. Imprints, Inc.*, 261 S.W.3d 402, 410-11 (Tex. App.—Tyler 2008, no pet.) (citing *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004)). Importantly for Plaintiffs' objection, "conclusory statements by an expert are not competent evidence and are insufficient to support or defeat summary judgment." *Id.*

Judge Giblin found that the evidence provided by Plaintiffs in response to Chrysler's motion was not sufficient to defeat summary judgment. The court concurs with his findings and analysis, in particular the requirement that Plaintiffs provide expert testimony to prove defect. Specifically, the court finds that the testimony of their accident reconstructionist, Andrew Webb, which Plaintiffs provided in response to the motion for summary judgment was conclusory, consisting of only two and a half pages of his deposition in which he listed his findings without providing any supporting facts or information. Fire expert Michael Schulz did not offer an opinion as to whether a defect existed in Plaintiffs' vehicle or offer an opinion as to the cause of the underbody fire itself, but opined only that the fire occurred before the vehicle struck the bridge pillar. Furthermore, that opinion was based almost entirely on blurry photographs taken by Plaintiffs a significant period of time after the accident. This does not constitute appropriate expert summary judgment evidence of a defect in Arthur's vehicle.[1] Moreover, there is no competent summary judgment evidence before the court to support Plaintiffs' convoluted theory that a fire caused the accident.[2]

---

[1] Chrysler's employees deposed by Plaintiffs offered testimony largely about the recall notice itself, which stated that some, but not all, Jeeps suffered from a product defect.

[2] Specifically, Plaintiffs' theory is that an underbody fire in the Jeep caused the passenger compartment to fill with carbon monoxide gas, which, in turn, was trapped in the compartment and collected in such quantities as to cause Arthur to lose consciousness and crash into the bridge pillar. The

3

Thus, summary judgment is appropriate as to these claims.³  Plaintiffs' objections are OVERRULED.

### 2. Schulz's Supplemental Report

Finally, Plaintiffs object that Judge Giblin struck Schulz's Supplemental Expert Report as untimely under Federal Rule of Civil Procedure 26(e).  As to this objection, the court agrees with Judge Giblin's determination that the report was not based upon new information.  Moreover, as Schulz's new findings are highly conclusory, the court concurs that the supplemental report would not constitute appropriate summary judgment evidence even if the report were considered.  Plaintiffs' objection is OVERRULED.

### C. Defendant's Objections

Chrysler objects to Judge Giblin's recommendation that this court deny summary judgment as to Plaintiffs' claim for breach of implied warranty of merchantability for three reasons: (1) expert testimony is required for Plaintiffs to establish proximate cause; (2) Judge Giblin's finding that there was no evidence of defect with regard to Plaintiffs' other claims fatally conflicts with his finding that there was sufficient evidence to proceed with the implied warranty of merchantability claim; and (3) Plaintiffs have not produced sufficient circumstantial evidence that the Smiths' Jeep was unmerchantable.

The court finds Chrysler's second objection dispositive.  Even though the standards for proving defect vary between strict liability and breach of implied warranty claims, in cases where

---

details as to how this could occur have never been made clear by Plaintiffs or, critically, by their experts.

³ Moreover, Plaintiffs argue that they may prove their case through the use of circumstantial evidence.  This does not, however, absolve them of the need to establish defect through expert testimony.  *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 809 (S.D. Tex. 2011).

the alleged defect is functionally identical between claims—as here, where the same N28 Recall condition is alleged—"[a]n act or defect that is not a producing cause cannot, as a matter of law, constitute a proximate cause." *Otis Spunkmeyer, Inc. v. Blakely*, 30 S.W.3d 678, 691 (Tex. App.—Dallas 2000); *see Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 665-66 (Tex. 1999) (analyzing issue and collecting cases). Accordingly, because Plaintiffs have not produced sufficient evidence of causation with regard to their strict liability claims, they cannot proceed with their implied warranty claims, either. The implied warranty of merchantability claim must be dismissed.

III. Conclusion and Order

Consistent with the foregoing analysis, the court ORDERS that Plaintiffs' objections are OVERRULED. The court further finds that Chrysler's objection regarding causation is GRANTED and Chrysler's other objections DENIED AS MOOT. Chrysler's Motion for Summary Judgment (#103), therefore, is GRANTED, as set forth in the report and recommendation and modified by this order. Furthermore, Chrysler's Motion to Strike (#153) is GRANTED, and Chrysler's Motion for Leave to Re-Depose Michael Schulz (#199) is DENIED AS MOOT. Plaintiffs' Motion to Correct Timeliness Argument (#217) is STRUCK as unnecessary. Thus, Plaintiffs' claims are dismissed in their entirety, with prejudice.

SIGNED at Beaumont, Texas, this 14th day of August, 2017.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

5